**MANSFIELD** et v **HIGGINS** et

Ohio Appeals, 5th Dist, Morrow Co

Decided Dec 15, 1932

T. B. Mateer, Mt. Gilead, for plaintiffs
in error.
Benjamin Olds, Mt. Gilead, for defend-
ants in error.

546

LEMERT, J.

The cause was submitted to the Common Pleas Court, who found in favor of the plaintiffs below, and ordered that the temporary injunction be made perpetual. The defendants in the court below thereafter filed a motion for a new trial, which was overruled, and thereafter filed in this court their petition in error, several grounds being alleged in the petition in error. But the principal grounds relied upon in this court, are:

1. That the court erred in not dismissing the action, for the reason that plaintiffs were without legal capacity to maintain said action.

2. The finding and judgment of the court below is manifestly against the weight of the evidence and is contrary to law.

We have read and examined the record in this case with a great deal of care and attention, for the reason that the question presented herein necessarily determines the rights and privileges of the Methodist Episcopal Church Conference to control, maintain and sell church property.

The record before us discloses that this church was built more than sixty years ago; that at the time of acquiring title to the real estate upon which said church was built, the title was taken to the Trustees of the Pulaskiville Methodist Episcopal Church or Congregation, and that at the time this action was brought, and for many years prior thereto, said church as a congregation, by death, removal and other acts, had disbanded and as a church congregation ceased to exist; that for years said church building had not been used for religious services or worship, and was used occasionally for funerals, and was at one time leased to another denomination for a period of two weeks. The record further discloses that in the Village or neighborhood wherein this church is located, that there was not more than five or six of the former members of said congregation.

The record before us discloses that at the time this action was brought that the plaintiffs below were not Trustees of said church, as shown by defendant's Exhibits H, I and J. By reference to the deed, which was offered in evidence in the court below, we find said deed shows that the same was deeded to the Trustees, and said deed further shows that it was subject to the rules and discipline of the Methodist Episcopal Church. Defendants' Exhibit E discloses that the Methodist Episcopal Church Conference in 1929 ordered the property sold, and the defendants' Exhibit G discloses that under the discipline of the Methodist Episcopal Church Conference houses of worship and parsonages may be sold and removed from one place to another.

For a proper decision of this case, we refer to §§10013 and 10015 GC, which reads as follows:

Sec 10013 GC, provides:

"Power of trustees of a religious society— If the trustees are chosen to take charge of and manage other property owned or acquired by such religious denomination, they may hold, invest, control, and manage it, for the benefit of the denomination within the presbytery, synod, conference, diocese, or other ecclesiastical territorial limits represented by the trustees, subject to the direction of the proper representative body of such denomination within such limits. If a parish or congregation, connected with the denomination represented by the trustees becomes extinct, by reason of the death or dispersion of its members, the trustees may take possession of the church property or the parish, congregation or society, whether real or personal, and rent, lease, sell, invest or otherwise dispose of it for the benefit of the denomination represented by them, within the territorial limits represented by the body which they were appointed and subject to such regulations as such body prescribes. All property held by such trustees, and the proceeds thereof, shall be applied to the use and benefit of the proper denomination within this state."

Sec 10015 GC provides::

"When and how property of extinct corporation sold—When a parish, congregation, or society becomes extinct, as mentioned in the second preceding section, the Common Pleas Court of the county in which real property of such extinct parish, congregation, or society is situated upon the petition of the trustees of the denomi-

nation to which the extinct parish, congregation, or society belonged, may make an order for the sale of the property, whether built upon, or otherwise improved, or not, the proceeds of the sale to go to, and be for the benefit of, the denomination represented by such trustees, within the territorial limits represented by the body by which they 'were appointed. The purchaser thereof shall be vested with as full and complete a title to the property as the character of the original grant to such parish, congregation or society will allow. This section shall not limit, or in any degree restrict, the powers conferred by the three preceding sections upon such trustees."

From a careful examination of the record in the instant case and the law above referred to, we are of the opinion that the Trustees referred to in §10015, GC, relative to the sale of church property, has reference to the Trustees, in this instance, of the Methodist Episcopal Conference and not the Trustees of the Pulaskiville Congregation.

The plaintiffs in the court below not being Trustees even of the congregation and not being Trustees of the Methodist Episcopal Conference, could not maintain this action.

For these reasons, we are of the opinion that the court below committed error in its finding and judgment and that the injunctive relief granted was erroneous.

It therefore follows that the finding and judgment of the court below will be and the same is hereby reversed, and injunction dissolved, and the petition of plaintiffs below is hereby dismissed at their costs. Exceptions may be noted.

GARVER, PJ, and SHERICK, J, concur.