BEAUCHAMP ET AL., APPELLEES, *v.* TRUSTEES OF THE MIAMI CONFERENCE OF THE EVANGELICAL-UNITED BRETHREN CHURCH ET AL., APPELLANTS.

(No. 260—Decided May 29, 1959.)

*Messrs. Walker, Bradford & Hill* and *Mr. Robert Jones,* for appellees.

*Mr. Charles A. Funkhouser* and *Mr. John A. Benjamin,* for appellants.

O'CONNELL, J.  The plaintiffs, appellees herein, are the last trustees of Moores Fork Evangelical United Brethren Church. The church has ceased to hold services and has not used its church property since December 1954.  Plaintiffs say that as the

last trustees of such church they are vested with the title to the following described real estate:

"Situate in the County of Clermont, State of Ohio, and part of Harvey and Ferris Survey No. 3337, the same being part of Lot No. 5 of the subdivision made by U. S. McClelland, bounded and described as follows:

"Beginning in the center of the crossroads and corner to John Perry and Pelestia Bennett; thence with the center line of the county road, east six rods to a stone in the center of said road corner to William Whitenack; thence north 13 rods to a stone corner to William Whitenack; thence west to the center of the county road, six rods; thence with the center of said road 14 rods to the place of beginning, and containing one half (½) acre, more or less."

The above described real estate was conveyed to Moores Fork United Brethren Church and their successors by warranty deed from William Whitenack, unmarried, on February 23, 1886, and was recorded in volume 118, page 430 of the records of the Clermont County Recorder's Office.

On February 20, 1942, the United Brethren in Christ Church and the Evangelical Church united to form the Evangelical United Brethren Church. The trustees, that is trustees of the Moores Fork Evangelical United Brethren Church, say they are successors in office to the trustees of the Moores Fork United Brethren Church. They say further that the people in the neighborhood of the church provided the material, labor and money with which to build and maintain the said church.

Appellees also say that since January 1957 the church has been used for the services of the Moores Fork Baptist Church to which the trustees wish to convey the church property for a consideration of the costs of this action, including an attorney fee of $300.

Appellees likewise say that the defendants, trustees of the Miami Conference of the Evangelical United Brethren Church, have claimed the right to dispose of the title in the church property, and that the Miami Conference has entered into a contract with the Moores Fork Baptist Church for the sale of the premises. Therefore, the appellees asked the Common Pleas Court of Clermont County for an order directing and authorizing

them, as trustees of the Moores Fork Evangelical United Brethren Church, to convey such real estate to the Moores Fork Baptist Church, and for a determination of the rights of the Miami Conference of the Evangelical United Brethren Church in such real estate.

The defendants, appellants herein, the trustees of the Ohio Miami Conference of The Evangelical United Brethren Church, say that the conference is the successor of the Miami Conference of the Evangelical United Brethren Church, and that the Moores Fork Evangelical United Brethren Church is within the jurisdiction of the successor conference.

The appellants then cite certain sections of the Discipline of the Evangelical United Brethren Church, which sets forth all of the law, rules and regulations pertaining to the ownership and disposal of the property of local church organizations, as follows:

"Section 78. If a local conference be convinced that the organization of a local church within its jurisdiction should be discontinued, it shall present a memorial to the Annual Conference through its conference superintendent requesting, and setting forth the reason for, the discontinuance of the organization of that local church. In no case shall the organization of a local church be discontinued without the authorization of the Annual Conference.

"Section 79. When the organization of a local church is discontinued, the remaining members shall be transferred by the minister, or the conference superintendent, to the nearest Evangelical United Brethren Church, or to such church or churches as the members concerned may designate. A local church shall be adjudged to be extinct, or to have ceased to exist or function as a congregation, when religious services have not been held in that church for at least two consecutive years by a minister under appointment by an Annual Conference of The Evangelical United Brethren Church, and a resolution declaring such local church to be extinct has been adopted by that Annual Conference.

"Section 80. Upon the discontinuance of the organization of any local church, or in the event that a local church is declared by the Annual Conference to be extinct or to have ceased to ex-

ist or function as a congregation, all property, real and personal, title to which is held in trust for such congregation, shall immediately and automatically vest in and become the property of the Annual Conference within whose bounds such property is situated. This provision is not to be construed as being in conflict with the statutes of any country, state or province, where such properties are situated. Nothing in this paragraph shall be so construed as to be in conflict with Paragraph 81.''

The appellants also say ''that appropriate action was taken by the Ohio Miami Conference of the Evangelical United Brethren Church, in compliance with the above quoted sections of the Discipline of the denomination, and that upon the authority of the foregoing provisions of the Church Discipline it has entered into a contract to sell said property to the Moores Fork Baptist Church.''

The appellants then ask the court for an order directing it to complete the sale.

The Common Pleas Court of Clermont County found that the Ohio Miami Conference of the Evangelical United Brethren Church had no interest in the real estate. It furthermore authorized the trustees of the Moores Fork Evangelical United Brethren Church to convey the real estate to the trustees of the Moores Fork Baptist Church.

In this conflict, these are the questions which must be answered in determining the rights of the litigants:

(1) Does a local church which has ceased to function become amenable to the ''Discipline'' of the parent church to which the local church belongs, in so far as the disposition of the real estate belonging to the local church is concerned?

(2) Did the Moores Fork Evangelical United Brethren Church, either expressly or impliedly, either by words or by conduct, agree to accept membership in the Ohio Miami Conference of the Evangelical United Brethren Church?

The answer to the first question is to be found in Section 1715.14 of the Revised Code. This section of the Revised Code clearly provides that in the case of a local church which has ceased to exist either through ''the death or dispersion of its members,'' its real property ''may, upon the petition of the board of trustees of the denomination to which the extinct par-

ish, congregation, or society belonged" be sold upon an order of the Common Pleas Court of the county in which such real estate is situated. This section further provides that "the proceeds of the sale shall go to, and be for the benefit of, the denomination represented by such board within the territorial limits represented by the body by which its members were appointed" and that "all money derived from such sale shall be placed in the custody of the board of trustees of the presbytery, synod, conference, diocese, or other ecclesiastical body having jurisdiction in the territorial limits in which such property was located."

And the court held in a somewhat similar case (*Mansfield* v. *Higgins*, 44 Ohio App., 59, 184 N. E., 295) that the trustees of Methodist Episcopal Conference, not trustees of the extinct local congregation, were authorized by statute (Sections 10013 and 10015, General Code) to sell land and church thereon.

Moreover, the evidence shows that action appropriate to and in accordance with the above-mentioned sections of the Discipline of the Ohio Miami Conference of the Evangelical United Brethren Church was taken by the church. Thus, in his testimony, William K. Messmer said that he was the Conference Superintendent of the Ohio Miami Conference; that since 1950 the Moores Fork Church had been a member of the conference; that in December 1954 services in the church had been discontinued by the pastor, Mr. Springman; that there "is a resolution adopted by the conference which is a matter of record and was taken in 1956 and the church was then offered for sale by the conference through a Mr. Snider;" and that "the recommendation and resolution of the Annual Conference with respect to the sale and the proceeds of the Moores Fork Church was to be distributed to the two remaining churches on the circuit for purposes of capital improvement on their property."

It appears to this court, therefore, that the right to file a petition to sell the premises of the Moores Fork Evangelical United Brethren Church is clearly vested in the Ohio Miami Conference of the Evangelical United Brethren Church, provided the Moores Fork Evangelical United Brethren Church has agreed to become and has been a member of the conference.

That such has been the case, in answer to the second question, heretofore referred to, is to be found in the conduct of the

Moores Fork Evangelical United Brethren Church and in the conduct of the Ohio Miami Conference of the Evangelical United Brethren Church. According to the evidence, the Moores Fork United Brethren Church changed its name to Moores Fork Evangelical United Brethren Church, and accepted a pastor and funds from the Ohio Miami Conference of the Evangelical United Brethren Church at the time of the merger. Moreover the conference superintendent testified that the Ohio Miami Conference has jurisdiction over that part of the state of Ohio in which the Moores Fork Church is situated, and that the Moores Fork Church had been a member of the Conference since 1950. This court is, therefore, of the opinion that since 1950 the Moores Fork Church has been a member of the Ohio Miami Conference of the Evangelical United Brethren Church. The court is likewise of the opinion that the right to file a petition for the sale of the Moores Fork Church lies in the Ohio Miami Conference of the Evangelical United Brethren Church.

For these reasons, the judgment of the Court of Common Pleas of Clermont County is reversed, and final judgment is hereby entered in this court in accordance with this opinion.

*Judgment reversed.*

MATTHEWS, P. J., concurs.